UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBRA BLACK o/b/o
JOSEPH BLACK,

    Plaintiff,

v.                                      Case No. 8:15-cv-1342-T-AAS

NANCY W. BERRYHILL,[1]
**Commissioner of Social Security,**

    **Defendant.**
_____/

## ORDER

Joseph Black's attorney, Michael Steinberg, moves for an award of $18,959.50 in attorney's fees under 42 U.S.C. Section 406(b). The Commissioner does not object to Mr. Steinberg's motion. (Doc. 25, p. 6).

Mr. Black applied for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Tr. 196–203). After disability specialists denied his applications initially and after reconsideration, Mr. Black requested a hearing before an Administrative Law Judge ("ALJ"), who found Mr. Black not disabled. (Tr. 19–28; 116–43). The Appeals Council denied Mr. Black's request for review of the ALJ's decision. (Tr. 1–3). Mr. Black then filed a complaint in this court. (Doc. 1). The court reversed and remanded the ALJ's decision. (Doc. 23).

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Under Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Berryhill should be substituted for former Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit due to the last sentence of Section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

The Commissioner found Mr. Black disabled on remand.² Accordingly, the Social Security Administration ("Administration") issued a Notice of Award. (Doc. 25-4). The Administration informed Ambra Black, Mr. Black's daughter, it withheld $18,959.50 from Mr. Black's past-due benefits to pay Mr. Black's attorney's fees. (*Id.* at 2). Attorney Michael Steinberg now requests the full $18,959.50 award under 42 U.S.C. Section 406(b). (Doc. 25).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Here, the Administration withheld $18,959.50 from Mr. Black's past-due benefits for attorney's fees. (Doc. 25-4). Based on the fee agreement (Doc. 25-1) and attorney's Michael Steinberg's itemization of services rendered (Docs. 25-2; 25-3), an award of attorney's fees for $18,959.50 is appropriate.³

The court notes Mr. Steinberg submitted his motion for attorney's fees over a year after the Administration issued its Notice of Award to Ms. Black. (Docs. 25; 25-4). In this District, an attorney requesting fees under Section 406(b) must submit a motion for attorney's fees no later than thirty days "after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for

---

² Mr. Black died before the Commissioner found him disabled. (Doc. 25, p. 2). As a result, Mr. Black's daughter, Ambra Black, became the party in interest. (*Id.*).

³ The court notes the 20.9 hours Mr. Steinberg and his associate expended on this case appears disproportional to Mr. Black's past-benefits award ($75,838.00). When the Commissioner does not object to the amount of attorney's fees request, however, courts find the requested award appropriate. *See, e.g.*, *Perkins v. Astrue*, 532 F. Supp. 2d 1114, 1117 (M.D. Fla. June 11, 2009) (awarding attorney's fees requested despite concern that 26.5 hours plaintiff's counsel expended appeared disproportional to the plaintiff's past-benefits award of $60,783.00). Because the Commissioner does not object to Mr. Steinberg's requested award, his award is appropriate.

attorney's fees." *In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, No. 12-MC-124-ORL-22 (M.D. Fla. Nov. 14, 2012).

The Commissioner does not object to Mr. Steinberg's request for attorney's fees under Section 406(b). (Doc. 25, p. 6). When the Commissioner does not object to untimely requests for attorney's fees under Section 406(b), the court should award the requested attorney's fees. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277–78 (11th Cir. 2006); *Blitch v. Astrue*, 261 F. App'x 241, 242 (11th Cir. 2008). Therefore, although untimely under this District's procedures, Mr. Steinberg is entitled to his requested attorney's fees.

Mr. Steinberg also stated he is requesting attorney's fees under 42 U.S.C. Section 406(a) for work performed at the administrative level. (Doc. 25, p. 3). Under a separate fee agreement, Mr. Steinberg could be awarded twenty-five percent of Mr. Black's past-due benefits or $6,000.00 for work performed at the administrative level, whichever is lesser. (Doc. 25-1, p. 3). The combined fees under Sections 406(a) and 406(b) may not exceed twenty-five percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970)[4]; *see also Busby v. Comm'r of Soc. Sec.*, No. 3:14-CV-544-J-34PDB, 2016 WL 5339707 (M.D. Fla. July, 13, 2016) (requiring the plaintiff's attorney to refund the plaintiff fees exceeding twenty-five percent of past-due benefits). Therefore, if Mr. Steinberg receives attorney's fees under Section 406(a), he must refund that award to Ms. Black.

---

[4] The Eleventh Circuit adopted the former Fifth Circuit's decisions as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Accordingly, it is **ORDERED**:

1. Attorney Michael Steinberg's motion for an award of attorney's fees under 42 U.S.C. Section 406(b) is **GRANTED**;

2. Attorney Michael Steinberg is awarded $18,959.50 in attorney's fees under 42 U.S.C. Section 406(b); and

3. Attorney Michael Steinberg must refund Ms. Black any attorney's fees award he receives under 42 U.S.C. Section 406(a).

**ORDERED** in Tampa, Florida on this 8th day of June, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

4